**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FACET TECHNOLOGY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-00269 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMAND** |
| HERE GLOBAL B.V. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Facet Technology Corp. ("Facet" or "Plaintiff") files this Complaint for Patent Infringement and Demand for Jury Trial against HERE Global B.V. ("HERE" or "Defendant") for infringement of United States Patent Nos. 9,335,255 ("the '255 Patent") and 9,671,328 ("the '328 Patent") (collectively the "Patents-in-Suit").

## THE PARTIES

1.      Facet is a corporation organized and existing under the laws of Minnesota and located at 1044 Rosemary Circle, Chaska, MN 55318.

2.      Upon information and belief, Defendant HERE Global B.V. is a company established in the Netherlands with a principal place of business at Kennedyplein 222-226, Eindhoven, 5611 ZT.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 154, 271, 281, and 283-285.

4.      This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

5. HERE is subject to the general and specific personal jurisdiction of this Court, based upon its regularly conducted business in the State of Texas and in the Eastern District of Texas ("District"), including conduct giving rise to this action.

6. HERE has conducted and does conduct business within the State of Texas.

7. HERE has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, has a place of business in this District, and has engaged in continuous and systematic activities in this District.

8. This Court has personal jurisdiction over HERE at least because HERE—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents— has made, used, offered to sell, sold, or put into service the accused products, systems, or services within the District, thus committing acts of infringement within the District, and placed infringing products, systems, or services into the stream of commerce knowing or understanding that such products, systems, or services would be used in the United States, including in the Eastern District of Texas. HERE thus has committed and continues to commit acts of infringement in this District by, among other things, offering to sell, selling products and/or services, and/or using services that infringe the Patents-in-Suit.

9. This Court likewise has personal jurisdiction over HERE at least because HERE has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over HERE would not offend traditional notions of fair play and substantial justice. HERE has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. HERE knowingly and purposefully ships infringing products into and within this District through an established

distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, through those activities, HERE has committed the tort of patent infringement in this District.

10.     This Court has specific personal jurisdiction over HERE in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to HERE's voluntary contacts with this forum, such voluntary contacts including but not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more Accused Products into this District and into the stream of commerce with the intention and expectation that it will be purchased and used by customers in this District; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services, including the Accused Products.

11.     Venue is proper under 28 U.S.C. § 1391(c)(3) because HERE is not a resident of the United States, and also under 28 U.S.C. § 1391(b)(2) because HERE, imports, sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce and effectuates these sales knowing that the products and services would be sold in this District and elsewhere in the United States.

12.     Upon information and belief, HERE has transacted business in this District and has committed acts of direct and indirect infringement in this District.

13.     HERE offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District.

**THE '255 PATENT**

14.     Facet is the owner by assignment from the inventors, James E. Retterath and Robert A. Laumeyer, of all right, title, and interest in and to United States Patent No. 9,335,255 (the "'255

Patent") titled "System and Assessment of Reflective Objects Along a Roadway," including the right to sue for all past, present, and future infringement. A true and correct copy of the '255 Patent is attached to this Complaint at Exhibit A.

15.     The '255 Patent issued from U.S. Patent Application No. 14/512,735, filed on October 13, 2014.

16.     The '255 Patent is a continuation of application No. 14/025,614, filed on September 12, 2013.

17.     Application No. 14/025,614 is a division of application No. 13/205,337, filed on August. 8, 2011.

18.     Application No. 13/205,337 is a division of application No. 12/419,843, filed on April 7, 2009.

19.     Application No. 12/419,843 is a continuation of application No. 11/056,926, filed on February 11, 2005.

20.     Application No. 11/056,926 is a continuation of application No. 09/928,218, filed on August 10, 2001.

21.     On its face, the '255 Patent claims priority back to the filing of the Application No. 09/928,218 on August 10, 2001.

22.     The Patent Office issued the '255 Patent on May 10, 2016, after a full and fair examination.

23.     The '255 Patent is valid and enforceable.

24.     The '255 Patent relates to a system for assessing road signs and pavement markings along a roadway.

25.     The inventors of the '255 Patent identified a critical problem in identifying and creating an accurate inventory of road signs and pavement markings along a given street or highway. The patent addresses the challenge of providing an automated, more accurate, and more efficient system for cataloguing road signs and pavement markings in the United States.

26.     The '255 Patent provides several advantages over the prior art, such as determining the retroreflectivity of traffic signs and pavement markings without the need to target individual road markers.

27.     The '255 Patent describes and claims a system using an automated method of assessing reflective surfaces along a roadway. The patent details activating a light source to illuminate an area that includes the reflective surface of a road marker.  The patent then describes an intensity sensor directed to cover a field of view that includes the area illuminated by the light source.  The patent further describes the system as including a computer processing system that is configured to identify at least one light intensity value associated with a reflective surface of a road marker and to analyze the at least one light intensity value to determine a reflective characteristic of the road marker.

28.     Claim 12 of the '255 Patent reads:

12. An automated method of assessing reflective surfaces disposed along a highway comprising:
(a) activating a light source as the light source is traversed along a roadway to illuminate an area that includes at least one reflective surface on a road marker, the road marker having a reflective characteristic;
(b) determining a plurality of light intensity values with at least one intensity sensor directed to cover a field of view which includes at least a portion of the area illuminated by the light source; and
(c) using a computer processing system configured to:
(i) identify a portion of at least one light intensity value of the plurality of light intensity values associated with one of the at least one reflective surface of the road marker; and

(ii) analyze the portion of the at least one light intensity value of the plurality of light intensity values to determine an assessment of the reflective characteristic of the road marker.

## THE '328 PATENT

29.     Facet is the owner by assignment from the inventors, James E. Retterath and Robert A. Laumeyer, of all right, title, and interest in and to United States Patent No. 9,671,328 ("the '328 Patent") titled "System and Assessment of Reflective Objects Along a Roadway," including the right to sue for all past, present, and future infringement. A true and correct copy of the '328 Patent is attached to this Complaint at Exhibit B.

30.     The '328 Patent issued from U.S. Patent Application Serial No. 15/148,722, the application that later issued as the '255 Patent, filed on May 6, 2016.

31.     The '328 Patent is a continuation of U.S. Patent Application Serial No. 14/512,735, filed on October 13, 2014.

32.     Application Serial No. 14/512,735 is a continuation of application No. 14/025,614, filed on September 12, 2013.

33.     Application No. 14/025,614 is a division of application No. 13/205,337, filed on August. 8, 2011.

34.     Application No. 13/205,337 is a division of application No. 12/419,843, filed on April 7, 2009.

35.     Application No. 12/419,843 is a continuation of application No. 11/056,926, filed on February 11, 2005.

36.     Application No. 11/056,926 is a continuation of application No. 09/928,218, filed on August 10, 2001.

37.     On its face, the '328 Patent claims priority back to the filing of the Application No. 09/928,218 on August 10, 2001.

38.     The Patent Office issued the '328 Patent on June 6, 2017, after a full and fair examination.

39.     The '328 Patent is valid and enforceable.

40.     The '328 Patent relates to a system for determining locations of road signs and pavement markings along a roadway.

41.     The inventors of the '328 Patent identified a critical problem in identifying and creating accurate locations of road signs and pavement markings along a given street or highway. The patent addresses the challenge of providing an automated system for locating such road signs and pavement markings in the United States that is more accurate and efficient than prior methods of doing so.

42.     The '328 Patent provides several advantages over the prior art, such as utilizing retroreflectivity of a road sign or pavement marking without the need to target individual signs or markings and automatically determining location.

43.     The '328 Patent describes and claims a specific system that involves using an automated system to detect and locate the reflective surfaces along a roadway. The patent details capturing information along the roadway, using a light sensor to illuminate the roadway and measure light intensity, and a computer processing system connected to the information capture system and light sensor that can detect objects of interest within the field of view of the light source.  The patent further describes that the computer processing system can determine the location, whether the object includes a reflective surface, the retroreflectivity of the surface, and whether the reflective surface is a road marker.

44.     Claim 9 of the '328 Patent reads:

9. An automated system for assessing reflective surfaces disposed along a roadway comprising:
(a) an active light sensor that is traversed along a roadway that includes at least one reflective surface on a road marker, the road marker having a reflective characteristic, the active light sensor including:
   (i) a light source to illuminate an area that includes the at least one reflective surface; and
   (ii) a light sensor that measures a plurality of light intensity values within a field of view which includes at least a portion of the area illuminated by the light source and
 (b) a computer processing system operably connected to the active light sensor and configured to detect objects of interest within the field of view for each object of interest:
   (i) determine whether the object of interest includes at least one light intensity value associated with a reflective surface of a road marker in the field of view; and
   (ii) analyze the at least one light intensity value to determine an assessment of a discrete location of the road marker within the field of view.

## HERE

45.     HERE is a multinational location data and technology platform company offering a location-centric platform that is open, secure, and private.

46.     In 1985, a company that would undergo several name changes, ultimately becoming known as Navteq Corporation ("Navteq"), was founded in Sunnyvale, California.

47.     In July 2006, due to business growth, Facet provided Navteq with pricing for licensing raw data for 600 counties as part of a potential data licensing business relationship.

48.     However, due to acquisition discussions that Facet was having with another party, Facet ceased data licensing discussions with Navteq in November 2006.

49.     Despite the cessation of data licensing discussions, in November 2006, Navteq inquired about utilizing some of Facet's tools for automated data processing. As part of their request, Facet provided Navteq with a list of all of Facet's issued and pending patents, including

the patent family of U.S. Patent Application No. 09/928,218, from which both the '255 and '328 Patents claim priority. Facet also notified Navteq that the patent family was still active, open, and continuations were being filed.

50.     Upon information and belief, in 2006 and 2007, Navteq was presenting its map plans to investors regarding technology on which Facet had patents and was patenting in the space.

51.     After learning of one of these presentations on February 28, 2007, Facet reached out to and spoke with Clifford Fox, then Senior Vice President of Navteq's Map Division, on March 2, 2007, regarding a potential business collaboration.

52.     In August 2007, Navteq began negotiating a business acquisition with Facet. As Navteq's requests for source code, tools, and uploads of materials to its service veered further from standard due diligence and more towards an attempt to access all of Facet's intellectual property freely, Facet ceased acquisition discussions.

53.     On February 20, 2009, Navteq Corporation filed U.S. Patent Application Serial No. 12/389,553 ("the Navteq Patent Application"), which disclosed the methods by which its systems and devices utilize retroreflectivity to determine geographic features corresponding to a travel path to develop a map database, such as a navigation database.

54.     In 2011, Navteq was acquired by Nokia. At the time of its acquisition by Nokia, Navteq was the largest maker of automotive-grade map data used in car navigation equipment.

55.     In 2012, Nokia rebranded Navteq as HERE, consolidating mapping, location businesses, satellite navigation, and other services under one brand. With the rebrand of HERE, Defendant HERE Global B.V. became the global headquarters.

56.     The Navteq Patent Application was then assigned to Defendant HERE Global B.V.

57.     On April 15, 2014, the Navteq Patent Application then issued as a U.S. Patent No. 8,699,755 ("the HERE Patent"), titled "Determining Travel Path Features Based On Retroreflectivity."

58.     Dr. Xin Chen, Senior Engineering Manager and Research Scientist at HERE and a named inventor on the HERE Patent, noted that his work with HERE began in 2006, focusing on automating next-generation map creation using computer vision and machine learning technologies.

59.     As relayed in the HERE Patent, HERE is engaged in the development and commercialization of digital mapping and location services, specializing in High Definition (HD) Mapping technologies critical for automated driving systems.

60.     Upon information and belief, based on the teachings of the HERE Patent, HERE utilizes automated systems for detecting and processing roadway information, which are central to their HD Maps product line. These systems rely on advanced machine-learning algorithms to automatically assess reflective surfaces along roadways, including lane markings and road signs.

61.     On April 16, 2016, in an article published by The Economist, Mr. John Ristevski, then VP of Reality Capture and Processing at HERE, discussed HERE's transition from manual data processing to the utilization of machine-learning algorithms for mapping tasks, suggesting activities potentially infringing on Facet's patented technologies pursuant to the methods of the HERE Patent.

62.     HERE has had actual knowledge of the Patents-in-Suit since as early as 2017.

63.     After learning of the Economist article, on January 4, 2017, Facet sent an infringement notice letter to the General Counsel of HERE North America, LLC, Defendant HERE's subsidiary and United States office, detailing Facet's concerns regarding HERE's use of

technology potentially infringing on Facet's patents, including the '255 Patent, which relate to the automated assessment and processing of reflective surfaces along roadways.

64.     HERE did not respond to this letter.

65.     Nonetheless, HERE sells, offers for sale, and imports into the United States systems to run its HD Maps that utilize travel path features determined from LiDAR cloud map technology (the "Accused Products").

66.     Automated safety technologies, such as the HERE Accused Products, are essential for competiveness in today's vehicle marketplace.

67.     HERE's implementation of the Accused Products has, on information and belief, significantly contributed to its efficiency and profitability.

68.     Upon information and belief, HERE has been aware of Facet and the Patents-in-Suit since at least as early as 2017, when Facet sent HERE notice of its infringement of the '255 Patent, but likely since the Patents-in-Suit issued, as HERE was made aware of Facet's relevant patent portfolio, which included the patent family of the Patents-in-Suit, in 2006, as described above.

69.     The financial gains accrued by HERE through the use of Facet's patented technology have been substantial, providing HERE with competitive advantages in the retail market.

70.     The benefits reaped by HERE through the exploitation of Facet's intellectual property have resulted in corresponding harm to Facet. This harm includes but is not limited to lost business opportunities, revenue, and diminution of the value of its patented technology.

71.     This case is filed to address and seek redress for the unauthorized use of Facet's patented technology by HERE in its HD Maps, which has led to significant commercial gains for HERE at the expense of Facet's proprietary rights and investments.

## COUNT I

## (DIRECT PATENT INFRINGEMENT OF THE '255 PATENT)

72.     Facet repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

73.     HERE has made, used, offered for sale, and sold in the United States, products and systems that directly infringe at least Claim 12 of the '255 Patent, including the travel path features determined from LiDAR cloud map technology of the Accused Products.

74.     The Accused Products provide a method of assessing reflective surfaces disposed along a highway, specifically through HERE's HD Mapping systems which incorporate travel path features determined from LiDAR cloud map technology.

75.     The Accused Products activate a light source as the light source travels along a roadway to illuminate an area that includes at least one reflective surface on a road marker that has a reflective characteristic.  HERE's HD Mapping system relies on LiDAR to illuminate an area on a roadway.

76.     The Accused Products determine a plurality of light intensity values with at least one intensity sensor directed to cover a field of view which includes at least a portion of the area illuminated by the light source.  The HERE HD Maps rely on LiDAR that acts as the intensity sensor.

77.     The Accused Products use a computer processing system.  HERE's HD Maps have computer processing systems configured to perform various functions including utilizing retroreflectivity to determine travel path features from LiDAR cloud mapping.

78.     The computer processing systems of the Accused Products identify a portion of at least one light intensity value of the plurality of light intensity values associated with one of the at least one reflective surface of the road marker.  HERE's LiDAR cloud mapping systems detects road markers based on reflected light intensity from a LiDAR sensor.

79.     The computer processing systems of the Accused Products analyze the portion of the at least one light intensity value of the plurality of light intensity values to determine an assessment for the reflective characteristic of a road marker.

80.     HERE's infringing activities are and have been without authority or license under the '255 Patent.

81.     As a direct and proximate result of HERE's infringement of the '255 Patent, Facet has suffered and will continue to suffer damage.

82.     Facet believes, and on that basis alleges, that HERE has been aware of the patent family containing the Patents-in-Suit and its infringement thereof due to the prospective business relationship between HERE and Facet in November 2006, but at least since HERE's receipt of Facet's notice of infringement in 2017. Despite this knowledge, HERE has continued to use the Accused Products.

83.     Facet is informed and believes that HERE knew or was willfully blind to the patented technology of the '255 Patent. Despite this knowledge or willful blindness, HERE has acted with blatant disregard for Facet's patent rights with an objectively high likelihood of infringement.

84.     Facet is informed and believes that HERE has made no efforts to avoid infringement of the '255 Patent, despite its knowledge and understanding that its products and systems infringe the '255 Patent.

85.     Therefore, HERE's infringement of the '255 Patent is willful and egregious, warranting an enhancement of damages.

86.     As such, HERE has acted and continues to act recklessly, willfully, wantonly, deliberately, and egregiously in infringement of the '255 Patent, justifying an award to Facet of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT II

## (INDUCED PATENT INFRINGEMENT OF THE '255 PATENT)

87.     Facet repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

88.     HERE is liable for indirect infringement under 35 U.S.C. § 271(b) of at least one claim of the '255 Patent, at least as early as the filing of this Complaint, because it knowingly induced, aided, and directed others to use the Accused Products in a manner that infringes the '255 Patent.

89.     As detailed above, HERE has had knowledge of Facet and its patents at least since receiving notice of infringement in 2017, but likely since the date of the '255 Patent's issuance, as HERE was made aware of the patent family of the Patents-in-Suit in 2006, as described above.

90.     HERE's use of the Accused Products demonstrates specific intent to induce infringement of the '255 Patent.  HERE encouraged, directed, aided, and abetted the use and operation of the Accused Products in a manner that infringes the '255 Patent.

91.     HERE's knowledge of the '255 Patent, combined with its ongoing use of the Accused Products, demonstrates HERE's knowledge and intent that the Accused Products be used in a manner that infringes the '255 Patent.

92.     HERE's actions and the manner in which the Accused Products are used in HERE's HD Maps, consistent with HERE's promotions and instructions, demonstrate HERE's specific intent to induce infringement of the '255 Patent.

93.     Facet is informed and believes, and on that basis alleges, that HERE knew or was willfully blind to the fact that it was inducing others, including its customers and staff, to infringe by practicing, either themselves or in conjunction with HERE, one or more claims of the '255 Patent.

94.     As a direct and proximate result of HERE's induced infringement of the '255 Patent, Facet has suffered and will continue to suffer damage.

95.     Facet is entitled to recover from HERE compensation in the form of monetary damages suffered as a result of HERE's infringement in an amount that cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

## COUNT III

## (DIRECT PATENT INFRINGEMENT OF THE '328 PATENT)

96.     Facet repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

97.     HERE has made, used, offered for sale, and sold in the United States, products and systems that directly infringe at least Claim 9 of the '328 Patent, including the travel path features determined from LiDAR cloud map technology of the Accused Products.

98.    The Accused Products provide an automated system for assessing reflective surfaces disposed along a roadway, specifically HERE's HD Mapping systems which incorporate travel path features determined from LiDAR cloud map technology.

99.    The Accused Products have an active light sensor that travels along a roadway containing at least one reflective surface on a road marker, the road marker having a reflective characteristic.

100.    In the Accused Products, the active light sensor includes a light source to illuminate an area that includes at least one reflective surface.  For example, HERE's HD Maps include travel path features determined from retroreflectivity from LiDAR sensors that serve as a light source to illuminate an area that includes, for example, lane markers.

101.    In the Accused Products, the active light sensor includes a light sensor that measures a plurality of light intensity values within a field of view which includes at least a portion of the area illuminated by the light source.

102.    In the Accused Products, the active light sensor includes a computer processing system operably connected to the active light sensor and configured to detect objects of interest within the field of view.  For example, HERE's HD Mapping systems utilize LiDAR data to detect objects of interest such as travel path features such as lane markers.

103.    In the Accused Products, for each object of interest, the Accused Products determine whether the object of interest includes at least one light intensity value associated with a reflective surface of a road marker in the field of view, such as when detecting a travel path feature such as a lane marker.

104.    In the Accused Products, for each object of interest, the Accused Products analyze the at least one light intensity value to determine an assessment of a discrete location of the road

marker within the field of view such as when determining the location of a travel path feature such as a lane marker.

105.    HERE has directly infringed the '328 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or operating the Accused Products that embody the patented inventions of at least Claim 9 of the '328 Patent.

106.    The Accused Products satisfy each and every element of the asserted claim of the '328 Patent either literally or under the doctrine of equivalents.

107.    HERE's infringing activities are and have been without authority or license under the '328 Patent.

108.    As a direct and proximate result of HERE's infringement of the '328 Patent, Facet has suffered and will continue to suffer damage.

109.    Facet believes, and on that basis alleges, that HERE has been aware of the patent family containing the Patents-in-Suit and its infringement thereof due to the prospective business relationship between HERE and Facet in November 2006, but at least since HERE's receipt of Facet's notice of infringement in 2017. Despite this knowledge, HERE has continued to use the Accused Products.

110.    Facet is informed and believes that HERE knew or was willfully blind to the patented technology of the '328 Patent. Despite this knowledge or willful blindness, HERE has acted with blatant disregard for Facet's patent rights with an objectively high likelihood of infringement.

111.    Facet is informed and believes that HERE has made no efforts to avoid infringement of the '328 Patent, despite its knowledge and understanding that its products and systems infringe the '328 Patent.

112.    Therefore, HERE's infringement of the '328 Patent is willful and egregious, warranting an enhancement of damages.

113.    As such, HERE has acted and continues to act recklessly, willfully, wantonly, deliberately, and egregiously in infringement of the '328 Patent, justifying an award to Facet of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT IV

## (INDUCED PATENT INFRINGEMENT OF THE '328 PATENT)

114.    Facet repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

115.    HERE is liable for indirect infringement under 35 U.S.C. § 271(b) of at least one claim of the '328 Patent , at least as early as the filing of this Complaint, because it knowingly induced, aided, and directed others to use the Accused Products in a manner that infringes the '328 Patent.

116.    As detailed above, HERE has had knowledge of Facet and its patents since receiving notice of infringement in 2017, but likely since the date of the '328 Patent's issuance, as HERE was made aware of the patent family of the Patents-in-Suit in 2006, as described above.

117.    HERE's use of the Accused Products demonstrates specific intent to induce infringement of the '328 Patent. HERE encouraged, directed, aided, and abetted the use and operation of the Accused Products in a manner that infringes the '328 Patent.

118.    HERE's knowledge of the '328 Patent, combined with its ongoing use of the Accused Products, demonstrates HERE's knowledge and intent that the Accused Products be used in a manner that infringes the '328 Patent.

119.     HERE's actions and the manner in which the Accused Products are used, consistent with HERE's promotions and instructions, demonstrate HERE's specific intent to induce infringement of the '328 Patent.

120.     Facet is informed and believes, and on that basis alleges, that HERE knew or was willfully blind to the fact that it was inducing others, including its customers and staff, to infringe by practicing, either themselves or in conjunction with HERE, one or more claims of the '328 Patent.

121.     As a direct and proximate result of HERE's induced infringement of the '328 Patent, Facet has suffered and will continue to suffer damage.

122.     Facet is entitled to recover from HERE compensation in the form of monetary damages suffered as a result of HERE's infringement in an amount that cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

## JURY DEMAND

Facet hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Facet prays for relief against HERE as follows:

(A)     An entry of judgment that HERE has infringed and is directly infringing one or more claims of each of the Patents-in-Suit;

(B)     An entry of judgment that HERE has infringed and is indirectly infringing one or more claims of each of the Patents-in-Suit;

(C)     An order pursuant to 35 U.S.C. § 283 permanently enjoining HERE, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

(D)     An entry of judgment that the Patents-in-Suit are valid and enforceable;

(E)     An order awarding damages sufficient to compensate Facet for HERE's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

(F)     A determination that HERE's infringement has been willful, wanton, deliberate, and egregious;

(G)     A determination that the damages against HERE be trebled or for any other basis within the Court's discretion pursuant to 35 U.S.C. § 284;

(H)     A finding that this case against HERE is "exceptional" and an award to Facet of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

(I)     An accounting of all infringing sales and revenues of HERE, together with post-judgment interest and prejudgment interest from the first date of infringement of the '255 Patent, and the '328 Patent; and

(J)     Such further and other relief as the Court may deem proper and just.

Dated: April 22, 2024                          Respectfully submitted,

                                               /s/ *Christopher E. Hanba*
                                               Christopher E. Hanba
                                               Texas Bar No. 24121391
                                               chanba@dickinson-wright.com
                                               Steven R. Daniels
                                               Texas Bar No. 24025318
                                               sdaniels@dickinson-wright.com
                                               Joshua G. Jones
                                               Texas Bar No. 24065517
                                               jjones@dickinson-wright.com

                                               DICKINSON WRIGHT PLLC
                                               607 W. 3rd Street, Suite 2500
                                               Austin, Texas 78701
                                               Telephone: (512) 582-6889
                                               Facsimile: (844) 670-6009

                                               Ariana D. Pellegrino
                                               MI Bar No. P79104
                                               apellegrino@dickinsonwright.com
                                               DICKINSON WRIGHT PLLC
                                               2600 W. Big Beaver Road, Suite 300
                                               Troy, MI 48084
                                               Telephone:  313-223-3084
                                               Facsimile: (844) 670-6009

                                               *Attorneys for Plaintiff*
                                               *Facet Technology, Corp.*